UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DENNIS WAYNE HARDEMAN,<br><br>　　　　　　Petitioner,<br><br>　　　　v.<br><br>J. SEXTON, Warden,<br><br>　　　　　　Respondent. | Case No. 5:17-cv-02174-DMG (JDE)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, including the Petition [Doc. # 1], the Answer to the Petition filed by Respondent [Doc. # 25], the Reply to the Answer filed by Petitioner [Doc. # 31], the Superseding Report and Recommendation and the documents referenced therein [Doc. # 34, "SR&R"] of the United States Magistrate Judge, and the Objections to the SR&R filed by Petitioner [Doc. # 42, "Objections" or "Obj."].

　　　The Court has undertaken a de novo review of all of the SR&R to which objections have been made. With respect to Objection No. 1 in particular, Petitioner asserts that the SR&R "fail[ed] to acknowledge" Petitioner's request to take "judicial notice" of certain trial transcripts. Obj. at 2-5. The only

examples cited by Petitioner of any portion of the trial transcript not "acknowledged" in the SR&R are "RT 283" and "RT 285," identified as portions of the transcripts of the trial testimony of witness Alexander Long ("Long") regarding the timing of the shooting for which Petitioner was convicted. Obj. at 4. Petitioner argues that in this portion of the transcript, Long testified that he arrived at the garage where the shooting took place at 11:00 p.m. and the shooting started at 11:10 p.m. Id.

Contrary to Petitioner's argument, the SR&R noted the very argument raised by Petitioner on the timing issue, that is, that "Petitioner contends in his Reply that Long testified he arrived at the garage at 11:00 p.m. and the shooting occurred at 11:10 p.m." SR&R at 6, n.1. The SR&R thereafter cited the same portion of the trial transcript cited by Petitioner in Objection No. 1, with the prefix "2" reflecting the volume, for the point that Long's testimony was "not entirely clear" on the timing issue, referencing testimony by Long that: (a) the shooting "took place at 'about 11:00 o'clock'"; (b) looked at his phone at 11:10 p.m.; (c) he had told a detective that 'it was 11:00 p.m. when he looked at the phone.'" SR&R at 6, n.1 (citing, inter alia, 2 RT 283-85). Petitioner cites no other portion of the transcript not considered by the magistrate judge. Further, the SR&R reflects that the "state court record" was "independently reviewed." SR&R at 4.

As the only portions of the transcript cited by Petitioner were in fact expressly acknowledged and considered by the magistrate judge, and as the SR&R reflects that the state court record was independently reviewed, Petitioner's claim that relevant portions of the trial transcripts were not considered is without merit.

Having engaged in a de novo review of those portions of the SR&R to which objections have been made, the Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

IT IS THEREFORE ORDERED that:

1. Petitioner's request for an evidentiary hearing is denied; and
2. Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: December 26, 2019

*[signature]*
DOLLY M. GEE
United States District Judge